## FARMERS' NATIONAL BANK V. M. M. TEMPLETON.

### Decided March 18, 1897.

Certified Question—How Stated.

In certifying a question to the Supreme Court, under art. 1043, Rev. Stats., the Court of Civil Appeals should not present it as an abstract question of law; but the certificate should show how the question arose and all the facts in relation to it which bear upon the decision.

90  503
92  357

QUESTION CERTIFIED from Court of Civil Appeals, Second District, in an appeal from County Court of Clay County.

*A. K. Swan,* for appellant.

*Carrigan & Montgomery,* for appellees.

GAINES, CHIEF JUSTICE.—The following question has been certified for our decision:

"In this case, upon the original hearing. following the authorities cited in appellant's brief, there being no brief for the appellees, we held that the president of a national bank had not the power, virtute officii, to release a debt due the bank by accepting property in satisfaction thereof. But on motion for a rehearing, our attention was called for the first time to the case of Panhandle National Bank v. Emery, 78 Texas, 498, which seemed to be in conflict with our decision. We therefore granted the rehearing and affirmed the judgment. The appellant now moves for a rehearing, contending that the case referred to is in conflict with the current of authority, and that the conclusion announced in the opinion of Justice Henry, that a bank president has such power as matter of law, was not necessary to that decision, as it was there held that he also had such authority in fact.

"We therefore deem it proper to certify to your Honors for decision the question, Whether a national bank president, by virtue of his office, has the power to release a debt of the bank by accepting a deed to real estate in satisfaction thereof."

Article 1043 of our Revised Statutes authorizes a Court of Civil Appeals to refer for our decision any issue of law which they may deem advisable, and makes it the duty of the Chief Justice to certify "the very question to be decided." In our opinion, "the very question" means the actual question as presented in the Court of Civil Appeals; and that in order properly to present it here, the certificate should show how the question arose, and also all the facts in relation to it, which bear upon the decision. Did it arise upon the pleadings, upon a motion for a continuance, upon the introduction of evidence, upon the charge of the court, or upon the conclusions of law upon the verdict or the findings of the judge, or in some other manner specifically to be stated? The certificate should make this appear. It is equally im-

portant, that the facts which gave rise to the question should be set forth. When we are informed of the origin of the issue, and of the facts out of which it arose and which bear upon it, and the question is propounded, we have the very question which we are called upon to determine.

We think the question in this case as presented in the certificate is practically abstract; and we feel constrained to hold that we should not pass upon it. It may be conjectured that the president of the bank undertook to release a debt due to it by accepting property in satisfaction thereof and that there was no evidence showing or tending to show his authority or want of authority; but even that is not made clear.

In most of the opinions of Appellate Courts at this day, it is not difficult to determine from the opinion itself the very questions which are decided; and we rarely find difficulty, when passing upon the rulings of our Courts of Civil Appeals, in ascertaining the precise points upon which they have ruled. We apprehend that if the learned Chief Justice who certified this question had written an opinion in the case disposing of the point, and we had been called upon to review it, we would have had a better understanding of it than the certificate gives us.

The meagreness of the statements accompanying questions certified to this court is a frequent cause of complaint on part of counsel who appear before us upon the argument. They urge that they are called upon to discuss a colorless abstraction and not the actual issue in the case. Doubtless the complaint is in most cases unjust; but it suggests that more care and elaboration could be properly exercised in certifying questions to this court.

We are of opinion that the certificate should be dismissed, and it is so ordered.

*Certificate dismissed.*