# FEBRUARY, 1909.

## FRANK POHLE v. J. L. ROBERTSON ET· AL.

### No. 1914.    Decided February 3, 1909.

**1.—Certified Question.**

In certifying to the Supreme Court .a question (not on the ground of conflict or dissent, in which case the record is or may be sent up) the Court of Civil Appeals should state the facts showing that the precise question certified has arisen, and how it arises. But the certificate here showing that the judges, though not having decided the question, disagree upon it, and the record being sent up, the court, to avoid delay, determine the question.    (Pp. 275, 276.)

**2.—Limitation—Color of Title—Conflicting Sales of School Land.**

Where school land awarded to an applicant to purchase is afterwards awarded to a subsequent applicant, the latter sale is void and insufficient to constitute color of title supporting limitation of three years against the former title if the prior purchase was valid and in good standing; the commissioner had, in such case, no power to sell to another.    (Pp. 276, 277.)

**3.—Case Followed, etc.**

Clark v. Smith, 59 Texas, 275, followed; the ruling announced herein limited.    (P. 277.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Howard County.

*Ed. J. Hamner,* for appellant.—The inchoate right of the person whose application for the purchase of school land has been accepted is not sufficient as title, or color of title, to support·the statutory limitation of three years prior to the completion of the three years term of occupancy required by law.    Beeson v. Richards, 24 Texas Civ. App., 64; Williams v. Finley, 90 S. W., 1087; Smith ·v. Power, 23 Texas, 30; Williamson v. Brown, 109 S. W., 412; Buford v. Bostick, 58 Texas, 63; Hulett v. Platt, 109 S. W., 207.

*Beall Bros. & Dougald* and *Douthit & Littler,* for appellee.—Limitation will run, regardless of the three years occupancy, in favor of a purchaser and occupant of State school lands, against one having the right of action of trespass to try title.    Parker v. ·Brown, 80

Texas, 557; Browning v. Estes, 3 Texas, 462; Robertson v. Wood, 15 Texas, 1; Curtner v. United States, 149 U. S., 662.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The certificate from the Court of Civil Appeals for the Second District, on which this case is submitted, is as follows:

"In the above case pending before us on appeal the judgment of the District Court will apparently have to be reversed for the error of the trial court in excluding the plaintiff's evidence, unless the judgment should be affirmed upon the defendants' plea of three years limitation, it being admitted on the trial that the defendants, appellees here, had had and held peaceable and adverse possession of the lands in controversy under the title shown by them for more than three years after the plaintiff's cause of action had accrued, and prior to the commencement of this suit.

"The title shown by appellees is an award by the State Land Commissioner of the lands in question, being State school land, followed by the necessary payment of all interest due the State to the time of trial, and every other requisite of the statute regulating the sale of State school lands appears to have been complied with. Proof of occupancy, however, was not made until within less than three years prior to the filing of this suit.

"The question, therefore, is, is the title of appellees to the school land in question under such circumstances such title or color of title under the statute as will give title by limitation of three years? If so, it is agreed the judgment should be affirmed; otherwise we are of opinion it must be reversed, and the members of this court not being agreed on the question indicated, we deem it advisable to certify the same to Your Honors for decision."

The certificate tells us nothing about the nature of the case further than that the decision of it depends upon the question stated. This is not a compliance with the rulings of this court concerning the requisites of such certificates. The very question in the case is the one to be certified; and, in order that this court may see what the precise question is and avoid the discussion of abstractions, the case should be so stated as to make that question appear as it has arisen between the parties in this particular litigation. Farmers Natl. Bank v. Templeton, 90 Texas, 503; Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 365. As will appear, the sufficiency of evidence of title such as that adduced by the appellees to constitute title or color of title in the sense of the statute of limitations might depend upon facts not stated in the certificate and this makes it important that the very question as it exists between them should be stated. The record in the case accompanies the certificate and from this we may ascertain the facts omitted, but there is no provision for this in the statute regulating the certifying of questions ordinarily, the certificate being expected to state the case sufficiently to enable this court to see what the exact question is and how it has arisen. There are provisions for sending up the record when a Court of Civil Appeals has made a decision which conflicts with the decision of another Court of Civil Appeals, or from which

there is a dissent by one of the justices.   Acts 1899, 170; Rev. Stats., art. 1041.   The clerk, in those cases, is required to send up the record, in the first absolutely, but in the second only when ordered by the Supreme Court.   So that even in the latter case (dissent) the certificate should in itself present all that is essential to a decision of the point of dissent.   Eustis v. City of Henrietta,. 90 Texas, 255.   In other cases the facts giving rise to the question are required to be presented wholly by the certificate.   The present certificate is not based either upon a conflict of decision or a dissent, the Court of Civil Appeals having made no decision.   Johnson v. Portwood, 89 Texas, 235.

But as the certificate shows a difference between the judges of the Court of Civil Appeals and as we may see the precise state of the case on which the question arises, and the cause having been set down' for argument and submitted without question as to the manner in which it has been presented, we . have concluded that, in order to avoid further delay and expense, we may properly so far depart from the practice hitherto followed as to decide the question; but we have also, to avoid misunderstanding, thought it proper to call attention to the defective condition of the certificate in order that like trouble may be avoided in future.

The case is an action of trespass to try title between a plaintiff, who claims to have regularly purchased the land from the State as part of the public school fund in January, 1900, and defendants, who purchased it also from the State later in the same year.   The evidence offered by plaintiff to prove his purchase was excluded by the trial court, and the Court of Civil Appeals are of the opinion that it should have been admitted.   It necessarily follows that the validity of the purchases relied on by defendants depends on the validity of that relied on by plaintiff.   If the latter was valid and subsisting when the former was attempted, the land was not open to purchase and there was no authority in any officer to sell or transfer any right the State had in or with respect to the land.   Thus we see that the very question of limitation is whether or not such an attempted sale and purchase of school land, void because of the existence of a prior valid sale, constitutes title or color of title by virtue of which to defeat the elder purchase under the three years statute of limitations.   Of course, we are not intimating that plaintiff's purchase was valid or that defendants' were invalid.   No such questions are certified.   We mean only that it must be assumed for present purposes that plaintiff's purchase was good, for otherwise no question of limitation would arise.

Restricting our decision to the case before us, we answer that the claim of defendants, assuming the validity of that of plaintiff, does not constitute either title or color of title within the meaning of the statute of limitations.   The sale to plaintiff took the land off the market and afterwards the Commissioner could not sell and the defendants could not buy it.   The superior title remained in the State, while the right vested in the plaintiff to acquire that title by complying with the statutory conditions.   The Commissioner had no power to sell while that sale subsisted, but had. power only to see

to the compliance by the purchaser with the conditions imposed upon him. That officer could confer no right upon one afterwards attempting to buy, so long as the rights of the first purchaser were unimpaired. The legal efficacy of a purchase of school land comes from the law which gives effect to the taking of the steps by which it authorizes the acquisition of title, and not from the consent of the officer to an application. Consequently an award of such land, after it has once been sold and while the sale continues in force, has no effect upon the title to the land, either of the State or of the first purchaser, and is not a "transfer," either regular or irregular, such as is required by the statute, because it is insufficient to pass any title or right from the State.

The reason given in Clark v. Smith, 59 Texas, 279, for the holding that the location of a pre-emption claim upon appropriated land is not title nor color of title applies with full force to this question. "No right of pre-emption could be acquired in land already held by a private individual under a patent, or a location and survey upon which he was entitled by law to a patent. Such pre-emption right can only attach to an actual occupation, in accordance with the provisions of law, of land belonging to the State and subject to pre-emption." It may be said with at least equal force that no right can be acquired by an attempt to purchase school land already covered by a valid and subsisting sale.

Whether or not a purchase of land, claimed and sold by the State as part of its school fund, where there has been no other sale, may constitute title or color of title as against an adverse claim under an older grant or patent is a question which this case does not present and hence we intimate no opinion upon it.