# Theodore Davis

## v.

# Albany Discount Corporation

[215 A.2d 519]

October Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.

Opinion Filed December 7, 1965

*Bishop, Crowley and Jeffords* for plaintiff.

*Paul A. Bourdon* for defendant.

**Keyser, J.** In March 1963, the plaintiff entered into a conditional sales contract with Latham Trailer Sales of Gansevoort, New York, for the purchase of a trailer. The contract was made in Vermont with a resident of Vermont to be performed in whole or in part in Vermont. The contract stated plaintiff's residence was in Vermont. The trailer was delivered by Latham Trailer Sales to the plaintiff in Castleton, Vermont. Subsequently, Latham Trailer Sales assigned the sales contract to defendant, Albany Discount Corporation of Albany, New York.

In January 1964, the plaintiff brought this suit to recover damages for a breach of warranty claiming there were defects in the trailer and in its merchantable quality. Service of the writ was made on the defendant by delivery of copies to the Secretary of State as provided by Vermont Statutes.

The defendant moved to dismiss the action grounding its motion on six grounds. The trial court denied the motion with exceptions. Thereafter on March 9, 1965, the defendant filed its written request for permission to appeal before final judgment as provided by 12 V.S.A. § 2386.

On March 9, 1965, the court granted the permission requested by defendant. This action of the court does not appear in the printed case as it should have. However, it does appear in handwriting on the lower portion of defendant's request. On the same date defendant also filed its notice of appeal to this court from the ruling below denying its motion to dismiss.

On April 9, 1963, this court promulgated Supreme Court Rule 2A as follows:

"In all appeals certified to this Court before final judgment pursuant to 12 V.S.A. § 2386, the questions of law sought to be reviewed shall be stated in writing, signed by the court, and filed with the clerk of the tribunal appealed from, within 30 days from the date of entry of the order or ruling sought to be reviewed."

A search of the printed case and the court file reveals a complete noncompliance with this rule. There is no certification by the court below of the questions of law sought to be reviewed by this Court.

If a litigant desires a review of questions of law before final judgment, he must comply not only with the statutes authorizing the appeal but also with Supreme Court Rule 2A. The reason and purpose for this rule is apparent.

Obviously, under such an appeal there are controverted questions of law raised by the parties which are to be resolved and settled by this Court. It is crucial that the exact nature and scope of questions relied upon be made evident. This can be accomplished only when the law questions have been formulated and framed by the court below and certified as required by Rule 2A. This Court, as well as the parties, are then apprised of the defined and precise issues to be answered and sufficiently so to enable this Court to render its decision and dispose of the questions.

Without the issues being thus developed and laid before this Court, no questions are presented to us to consider and pass upon. A compliance with the rule may not be foregone without our permission. The procedure for perfecting an appeal allowed before final judgment must be followed. This has been indicated by several of our decisions handed down since Rule 2A was promulgated in 1963, See *Powers* v. *State Highway Board*, 123 Vt. 1, 5, 178 A.2d 390; *Dresden* v. *Norwich*, 124 Vt. 227, 230, 203 A.2d 598; *Avery* v. *Bender*, 124 Vt. 300, 316, 204 A.2d 314.

Without certification of the issues to be settled, manifestly no questions have been sent here for appellate review and there are none which can be answered by this Court.

*Appeal Dismissed.*