# State of Vermont v. Richard J. Mahoney

[ 227 A.2d 401 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 27, 1967

*David Jenkins,* Burlington City Grand Juror, for the State.

*Joseph Wool* for defendant.

**Per Curiam.** The procedures for bringing questions to this Court before final judgment continue to plague practitioners. There are two steps. The first is to obtain recorded permission from the court concerned to bring up to this Court the questions to be decided. Failure to do this means a failure to confer the jurisdiction necessary to deal with the case at all, here, at that point. *LaDuke Est.* v. *LaDuke,* 126 Vt. 27, 220 A.2d 474; *Roy* v. *Roy,* 123 Vt. 92, 182 A.2d 337.

The second step, required by Rule 2A of the Supreme Court, 12 V.S.A. App I R2A, is to obtain from the certifying court a signed statement of the questions to be presented here for review. Even though jurisdiction may have been conferred by step one, if the statement of questions is lacking, this Court may refuse to accept the attempted certification. *Davis* v. *Albany Discount,* 125 Vt. 330, 331, 215 A.2d 519. However, in its discretion, if an advance answer to the questions would appear to benefit the course of the litigation, the Court may, alternatively, enlarge the rule. A properly formulated and authenticated statement of the questions for decision may then be filed out of time. Interlocutory entries, allowing this to be accomplished, have been issued from time to time by this Court. *Putney* v. *Brookline,* 126 Vt. 194, 225 A.2d 388, 392; compare *In re Crescent Beach Asso.,* 125 Vt. 321, 324, 215 A.2d 502.

This is an appeal by the State from a not guilty verdict. It claims the trial court, in its charge, misinterpreted statutory law. Permission to come to this Court was properly established, but the question to be resolved was not framed satisfactorily for review, being far too general, for one thing. Since, in such circumstances, the State can obtain review only by a process of certification, 12 V.S.A. §2386, 13 V.S.A. §7403, *State* v. *Benjamin,* 124 Vt. 20, 21, 196 A.2d 507, an opportunity to repair the form of the question to be considered is appropriate.

A secondary issue, not a basis for dismissal, related to the provision of a partial transcript. So that there may be no question, we point out that the statutory authority for the presiding judge to

260

settle the extent of the transcript required to be furnished, 12 V.S.A. §2390, has implicit in it the right of both sides to be heard on the question, if they wish. Even then, such an order does not prohibit parties from furnishing, at their own expense, additional parts of the testimony, if they see fit. It merely decides, initially, the amount of transcript constituting allowable cost, and the extent of the transcript representing completion of the required record for appeal purposes. Supreme Court Rule 4A, 12 V.S.A. App I, R 4A; Supreme Court Rule 7(5), 12 V.S.A. App I, R 7(5).

■ *Rule 2A of the Supreme Court is enlarged and the appellant has fifteen days from the date of this entry to file with the Clerk of the General Term a proper certification of the question to be decided in this Court, or the appellee's motion to dismiss will be granted.*