The Miller Automobile Company v. State Highway Board

[ 233 A.2d 48 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed August 28, 1967

*Black & Plante,* with *Frank G. Mahady* on the brief, for plaintiff.

*Downs & Rachlin* for the State Highway Board.

**Shangraw, J.** This is a land condemnation case. The plaintiff appealed from an award of the State Highway Board to the Windsor County Court for the taking of certain lands and premises in the Town of Hartford, County of Windsor and State of Vermont.

On appeal the case was in part tried by jury. Four witnesses were called and testified on behalf of the plaintiff. Two of these witnesses, William Orcutt and Albert Young, testified as to the value of the lands and premises involved.

Following the conclusion of plaintiff's evidence the defendant moved that the court strike the testimony of Albert Young. This motion was granted over the objection of the plaintiff.

Without objection on the part of the parties, the jury was discharged. Acting under the provisions of 12 V.S.A. §2386, the trial court in its discretion then permitted an appeal to be taken by the plaintiff before final judgment. Following is the question certified for review by this Court.

"The question of law sought to be reviewed by the Supreme Court is whether or not part or all of the testimony of the witness Albert Young should have been stricken."

In cases appealed to this Court under the provisions of §2386, *supra,* this Court is limited to a "determination of questions of law."

As stated in 5 Am. Jur. 2d Appeal and Error, §1027, pp. 450-1, "Certified questions should be carefully and precisely framed to present distinctly and clearly the question or proposition of law involved. The certificate should contain a proper statement of the ultimate facts upon which the question arises, and should clearly show in what respect the instruction or decisions of the appellate court is desired."

A clear statement is necessary inasmuch as an omission cannot be supplied by reference to the record. *Felsenheld* v. *United States,* 186 U.S. 126, 46 L.ed. 1085, 22 S.Ct. 740; *Pohle* v. *Robertson,* 102 Tex. 274, 115 S.W. 1166.

As stated in *Davis* v. *Albany Discount Corporation,* 125 Vt. 330, 331, 215 A.2d 519, "It is crucial that the exact nature and scope of questions relied upon be made evident. This can be accomplished only when the law questions have been formulated and framed by the court below and certified as required by Rule 2A. This Court, as well as

the parties, are then apprised of the defined and precise issues to be answered and sufficiently so to enable this Court to render its decision and dispose of the questions."

In the case of *Olson* v. *Avon,* 143 Conn. 448, 123 A.2d 279, the court took the view that where possible questions should be stated in such a way that they can be answered categorically. It was therein held that questions which are put in the alternative, "whether or not," thereby not permitting a "yes" or "no" answer are not framed in the approved form. In support of this view, see, *Barnes* v. *City of New Haven,* 140 Conn. 8, 11, 98 A.2d 523; *General Motors Corporation* v. *Mulquin,* 134 Conn. 118, 132, 55 A.2d 732; *Herzig* v. *Board of Ed. of Town of West Hartford,* 152 Conn. 144, 204 A.2d 827.

By the certification, plaintiff seeks a determination on the admission or rejection of evidence,—that is "whether or not part or all of the testimony of witness Albert Young should have been stricken."

In *Lemire* v. *Haley's Estate,* 92 N.H. 10, 23 A.2d 769, the lower court certified questions concerning the admission or rejection of evidence pending a retrial. The New Hampshire Court held, ". . . it is considered inexpedient and contrary to good practice to answer them. The course of retrial is too uncertain in anticipation and its outcome may render the questions moot." The Court went on to say that the question certified could be better decided in the normal process of review than by preliminary rulings.

This subject was discussed in the case of *Powers* v. *State Highway Board,* 123 Vt. 1, 178 A.2d 390. At page 6 of the opinion, former Chief Justice Hulburd, in speaking for this Court, made this statement: "Evidentiary questions are particularly unsuitable for certificate before final judgment since ordinarily the matter of admissibility often depends on what has previously been developed in the evidence in a given case. To certify such questions up to us before trial is to reverse the orderly pattern of judicial procedure. It deprives the parties at once of the benefit of a ruling of the court below in the context of a trial, and renders effective appellate review impossible."

Here, the case was halted in midstream. There appears to have been no compelling reason for such action. It is true that under §2386, *supra,* and related Supreme Court Rule 2A, a county court may in its discretion, and before final judgment, certify to this Court for review questions of law. This discretion is judicial, not absolute. We conceive that this discretion, under §2386, *supra,* does not extend to the situa-

tion in this case. On this subject, see *Beam* v. *Fish,* 105 Vt. 96, pp. 98, 99, 163 Atl. 591.

Moreover, there must be a retrial. It is more than likely that on retrial the evidence may not be in the same context and any determination at this time of this issue might well prove to be an exercise in futility. Since the case is not properly here we act upon our own motion and dismiss the appeal. *Beam* v. *Fish, supra,* p. 99.

*Appeal dismissed.*