247 A.2d 897 (1968)
Martha C. WILBUR and James B. Wilbur, III
v.
The UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE.
No. 139.
Supreme Court of Vermont. Bennington.
October 24, 1968.
Fitts & Olson, Brattleboro, for plaintiff.
Latham & Eastman, Burlington, Black & Plante, White River Junction, for defendant appellant; Joseph F. Radigan, U.S. Dist. Atty., David V. Seaman, Dept. of Justice, for the United States.
Before HOLDEN, C.J., and SHANGRAW, BARNEY, SMITH and KEYSER, JJ.
HOLDEN, Chief Justice.
This appeal by the defendant was passed to this Court before final judgment, under 12 V.S.A. § 2386. The question of law sought to be reviewed arises from the lower court's denial of the defendant's motion to dismiss the plaintiffs' complaint to the court of chancery. The plaintiffs request us to reject the interlocutory review for two reasons. The first ground advanced is *898 that permission to appeal was not given by the chancellor within thirty days of his order sustaining the complaint, contrary to Supreme Court Rule 2(a) then in effect. (Supreme Court Rule 2 § 2 by revision dated April 2nd, 1968.)
It appears from the record that the interlocutory order before us was signed by the Chancellor on May 31, 1967. On June 15 next, the defendant moved for permission to appeal before final judgment. Although the defendant's request for leave to appeal was within the thirty day period prescribed by our rule, no action was taken on the motion until December 5, 1967. The reason for the delay is explained by the chancellor in his order allowing the appeal.
The plaintiffs asked to be heard on the defendant's request for an interlocutory appeal. Also, it appears that the chancellor and counsel were unavailable for a hearing until November 4, 1967, when the matter was heard by agreement of all concerned.
Supreme Court Rule 2 § 2 provides:

Appeals before final judgment. In all appeals certified to this court before final judgment, pursuant to 12 V.S.A. § 2386, the questions of law sought to be reviewed shall be stated in writing, signed by the presiding officer and filed with the clerk of the tribunal appealed from, within thirty days from the date of entry or ruling sought to be reviewed.
It is abundantly clear from the record that strict compliance with the time requirement for obtaining certification was quite impossible, if the plaintiffs were to be afforded an opportunity to be heard in the matter. See Town of Putney v. Town of Brookline, 126 Vt. 194, 200, 225 A.2d 388. By requesting such a hearing, the plaintiffs, in effect, consented to an extension of time required by our rule. And the chancellor, in allowing the hearing and later granting permission in sending the case to this Court after thirty days, acted within permissible discretion afforded him under the circumstances.
Permission of the lower court to appeal interlocutory orders, though essential to our jurisdiction, is a matter of discretion with the court below. Unlike appeals from final judgment, which are available as a matter of right, the time for certifying questions under 12 V.S.A. § 2386 may be enlarged by this Court. State v. Mahoney, 126 Vt. 258, 259, 227 A.2d 401. We hold there is equivalent discretion in the court in which the question arises to extend the time for perfecting the appeal in order to afford adequate hearing on the request.
The second ground presented, in support of the motion to dismiss this appeal, is that the facts of the case are not sufficiently developed to enable this Court to rule on the questions of law involved in the chancellor's ruling. The question is stated to be: "Does the plaintiffs' complaint set forth the cause of action upon which relief can be granted the plaintiffs?"
Since the defendant's motion to dismiss is in the nature of a demurrer, it admits all facts well pleaded, including those incorporated by exhibits. Canfield v. Hall, 121 Vt. 52, 54, 147 A.2d 886; Standard Register Company v. Greenberg, 120 Vt. 112, 115-116, 132 A.2d 174. In this context there is an abundance of facts. But the factual considerations involved in the question certified are not defined nor stated.
The complaint includes numerous exhibits which set forth the texts of two wills of the decedent, a trust indenture, a special act of Congress and two prior decrees in chancery involving the subject matter of this proceeding. The defendant's motion to dismiss and the supporting memorandum of law, submitted to the chancellor, present manifold and complicated legal issues. None of these propositions is articulated in the broad general question certified here.
*899 It is now well settled in our appellate procedure that the question certified before final judgment should be carefully and precisely framed to clearly present the distinct and critical issues of law. Questions which are broad and indefinite, that permit varying and unprecise answers, are not properly before us. Powers v. State Highway Board, 123 Vt. 1, 5, 178 A.2d 390; Davis v. Albany Discount Corporation, 125 Vt. 330, 331, 215 A.2d 519; Miller Automobile Company v. State Highway Board, 126 Vt. 389, 390, 233 A.2d 48; 5 Am.Jur.2d, Appeal and Error §§ 1026 and 1027. The question certified in this appeal does not meet these standards.
Moreover, it appears that one of the grounds of the defendant's motion to dismiss is based on the failure of the complaint to join the Library of Congress as a necessary party. Counsel for the United States, in behalf of that agency, have since petitioned to intervene. The petition has not been determined. If the Library of Congress is indeed a proper party in interest, it should be afforded an opportunity to be heard on any controlling question of law determined before final judgment is entered.
Accordingly, we will return the case for prompt disposition of the petition to intervene. If it should appear on remand that certain crucial questions of law can be appropriatedly certified here before trial, which will benefit and expedite the course of this litigation, section 2 of Rule 2 should be enlarged to permit that result. State v. Mahoney, supra, 126 Vt. at 259, 227 A.2d 401.
The cause is remanded to allow the court of chancery for Bennington County to determine forthwith the petition of the Library of Congress Trust and the United States of America to intervene. The defendant, if it be so advised, is granted thirty days from the entry of the chancellor's order on the petition to intervene, to procure proper certification of specific questions of law for determination by this Court according to the provisions of 12 V. S.A. § 2386.