### Central Vermont Medical Center v. Town of Plainfield

[268 A.2d 788]

No. 10-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed July 22, 1970

*Free & Bernasconi*, Barre, for Plaintiff.

*Hiram S. Hunn*, Town Agent, Plainfield, for Defendant.

**Shangraw, J.** The Barre City Hospital and Heaton Hospital merged to form the plaintiff, Central Vermont Medical Center. All accounts receivable of these two hospitals were assigned to the plaintiff on August 5, 1968. The plaintiff brought suit in the Washington County Court on October 16, 1969 to recover for hospital care furnished at various times by the Barre City Hospital and Heaton Hospital prior to October 1, 1968, as evidenced by the accounts so assigned.

No. 147 of the Public Acts of 1967, revised the state welfare laws and now charges the Department of Social Welfare with the responsibility to furnish relief to a transient person. This act repealed the statutory municipal requirement for such assistance.

Section 46 of No. 147 reads:

"When a town is obligated to furnish relief to a transient person under subchapter 4 of Chapter 15, of Title 33, and the need for relief continues after October 1, 1968, the town shall notify the department of social welfare. The town shall not be liable for relief furnished to the transient person after October 1, 1968, and the relief shall be chargeable to the department of social welfare."

Of further importance in this case is section 214 of Title 1 which reads:

"The repeal of an act shall not revive one which has been repealed, nor affect an act done, a right accruing, accrued, acquired or established, or a suit or proceeding had or commenced in a civil cause before the time when

the repeal takes effect; nor shall it affect a suit pending at the time of such repeal for the recovery of a penalty or forfeiture incurred under the act so repealed."

The defendant filed a motion to dismiss and assigned several grounds in support thereof. The motion was denied. The defendant requested and was granted permission to appeal before final judgment under the provisions of 12 V.S.A. section 2386. The lower court certified this question:

"Does the enactment of No. 147 of the Acts of 1967 bar plaintiff's recovery in this action brought pursuant to former Chapter 15 of Title 33 V.S.A. when the action was commenced subsequent to the effective date of No. 147 of the Acts of 1967?"

The question is narrow, yet, on this interlocutory appeal the defendant has advanced ten claims in support of its motion to dismiss, which relate to the sufficiency of the allegations of the plaintiff's complaint. It will be seen that the question certified relates to the force and effect of the 1967 statute. It does not reach or include the sufficiency of the pleadings.

This Court is limited to the question certified and will not consider such other question which might at some other point in the case be properly considered. *In re Crescent Beach Association*, 126 Vt. 448, 453, 236 A.2d 497; *Dresden* v. *Norwich*, 124 Vt. 227, 228, 203 A.2d 598. Other than the question certified, the grounds set forth in defendant's motion to dismiss are irrelevant at the present time and cannot be considered by this Court.

This suit was not commenced until October 16, 1969. By the question certified we are called upon to determine whether plaintiff's right to recover from the defendant town for medical and hospital services provided prior to October 1, 1968 is abolished or barred by No. 147 of the Acts of 1967. Chapter 15 of Title 33 V.S.A. was repealed effective October 1, 1968.

We call attention to the case of *Harris* v. *Town of Townshend*, 56 Vt. 716 decided by this Court in 1883. This was a negligence action founded upon a statute authorizing recovery of damages against towns, when injuries were suffered by an act or omission to maintain roads. After the statute was re-

pealed, the plaintiff brought suit against the Town of Townshend. The Court held, by virtue of R.L. Section 28, which is the ancestor of our current Title 1, Section 214, that the repeal of the statute did not affect an existing cause of action, although the suit had not been commenced at the time of the repeal. In holding that the plaintiff's cause of action constituted "a right accruing, accrued, acquired, or established", Chief Justice Royce commented as follows:

> "His right of action had accrued. His right to recover was dependent upon the proof to be made. He had no perfected right to compensation, and could have none, until the questions, upon which the liability of the defendant town depended, should be legally determined. His right was not an inchoate one in the sense in which the word is used in some of the cases, where it had been held that an inchoate right was lost by the repeal of the statute. His right was as perfect as any can be, where the question of its enforcement is open to contention and litigation."

The two hospitals performed certain acts, relying upon Chapter 15, of Title 33 for the right to recover fair compensation for care so provided. Their cause of action for services rendered had accrued and did not depend upon the filing of a writ or other enforcement of that right by the plaintiff as assignee.

■. It is the clear intent of No. 147 of the Acts of 1967 that towns continue to be liable for relief furnished prior to October 1, 1968, but not thereafter. The act operates prospectively and relieves towns of liability for medical care and services furnished after October 1, 1968. Thereafter it places the liability upon the State of Vermont. Section 214 of Title 1 preserves the right to recover from municipalities for such care furnished prior to October 1, 1968, even though the action is commenced after that date. Otherwise, the plaintiff and all hospitals similarly situated would be left without a remedy, either against the town or the State.

*The certified question is answered in the negative; and the cause is remanded.*