## City of Newport v. Town of Glover, Town of Danville, State of Vermont

[300 A.2d 632]

No. 80-70

Present: Shangraw, C.J., Barney, Smith, Keyser, JJ., and Gibson, Supr. J.

Opinion Filed February 6, 1973

*Rexford & Kilmartin,* Newport, for Plaintiff.

*Lee E. Emerson, Esq.,* and *William R. May, Esq.,* Barton, for Town of Glover, Defendant.

*Arthur L. Graves, Esq.,* St. Johnsbury, for Town of Danville, Defendant.

**Shangraw, C.J.** This cause arises out of a claim for reimbursement for expenses paid for the relief of a hospitalized indigent transient under the "Municipal Poor Relief" laws, 33 V.S.A. Chapter 15, Subchapter 4. To provide a background for the factual situation presented to this Court, a review of the "Municipal Poor Relief" laws is in order.

If an indigent transient became ill or injured and had to be confined to a hospital, the expense of providing relief for that transient fell first upon the hospital wherein the transient was confined. 33 V.S.A. § 821. However, the hospital could give notice to the overseer of the poor of either the town wherein the hospital was located or the overseer of the town from which the transient came to enter such hospital, then such overseer of the poor receiving notice was required to provide for the relief of the transient. 33 V.S.A. § 821. The town, upon which fell the burden of the expense of providing relief for the transient after receiving notice from the hospital, could seek reimbursement from the

town in which the transient had a settlement at the time of his first receiving such relief. 33 V.S.A. § 824. A settlement is defined in 33 V.S.A. § 701 as a town where the transient receiving relief:

> ". . . last resided for three years supporting himself . . . which settlement shall continue until he shall have gained a like settlement in some other town in this state, or shall have been removed from the town of his settlement and remained therefrom for an uninterrupted period of three years, during which period he has not been relieved by such town."

However, the town seeking such reimbursement was required to give notice to the overseer of the poor of the town of the transient's settlement within thirty days from the receipt of notice from the hospital in order to obtain that reimbursement. 33 V.S.A. § 827. If the town of the transient's settlement did not provide for the relief of the transient within sixty days from the receipt of the notice from the town which received notice from the hospital, the latter town furnishing relief could recover against the former town of the transient's settlement in an action on the statute, 33 V.S.A. § 827.

The facts in this cause as alleged in the plaintiff's complaint are as follows: On February 22, 1962, Shirley Langmaid, an indigent transient, was a patient at the Orleans County Memorial Hospital located in the plaintiff City of Newport. At that time she was sick and suffering from injuries. On the same date, she was transferred to the Mary Fletcher Hospital in Burlington, Vermont. On February 23, 1962, the Mary Fletcher Hospital sent notice to the plaintiff pursuant to 33 V.S.A. § 821, which caused the plaintiff to become obligated to provide for the relief of Miss Langmaid while she remained in the Mary Fletcher Hospital. 33 V.S.A. § 821.

On or about March 2, 1962, the plaintiff gave notice to each of the overseers of the poor of the defendant towns for reimbursement. 33 V.S.A. §§ 824, 827. To support the claim for reimbursement the plaintiff alleged that Miss Langmaid had a settlement in each of the defendant towns along with her father. 33 V.S.A. § 824.

On or about March 5, 1962, the plaintiff also sent notice to the State of Vermont for reimbursement pursuant to 33 V.S.A. § 826 which provided for 100% reimbursement by the State to the town which had defrayed the expenses of the transient relief if the transient or his estate was not of sufficient ability to defray such expense.

Neither the defendant towns nor the State reimbursed the plaintiff, nor did they provide for the relief of Miss Langmaid while in the Mary Fletcher Hospital. On or about April 23, 1968, the plaintiff paid the Mary Fletcher Hospital for the expenses incurred for the relief of Miss Langmaid while she was a patient there.

On January 13, 1969, the plaintiff instituted a civil action in the Orleans County Court against the defendant towns and the State of Vermont for reimbursement under 33 V.S.A. Chapter 15, Subchapter 4. Both defendant towns filed written answers to the plaintiff's complaint and filed motions to dismiss. By order dated May 27, 1970, the Orleans County Court denied the defendants' motions to dismiss. Thereupon, the defendant Town of Danville and defendant Town of Glover made written and oral motions respectively that the cause be passed to this Court, pursuant to 12 V.S.A. § 2386, prior to final judgment for the determination of the following questions:

(1) Did the County Court have jurisdiction to hear and entertain the complaint of the plaintiff against the above-named three defendants in the alternative and upon alternative counts?

(2) Did the County Court, to wit, January 13, 1969, have the power and jurisdiction to hear the plaintiff's complaint pursuant to Title 33, Vermont Statutes Annotated, Sections 821, 824, 825, 827, 701, 782, and Title 12, Vermont Statutes Annotated, Section 1071, then repealed and of no force and effect on January 13, 1969, the date of the plaintiff's complaint?

(3) Is the Statute of Limitations specifically pleaded by the defendant Town of Danville and by the Town of Glover, a sufficient defense for that the complaint of the plaintiff shows on its face that the supposed cause of

action in the complaint mentioned accrued to the plaintiff more than six years before the commencement of this action, to wit, on March 9, 1962, and present pending suit was not commenced until January 13, 1969?

(4) Did the County Court err in denying and overruling the motion of the Town of Danville to dismiss contained in the answer of said town?

(5) Did the County Court err in denying and overruling the motion of the Town of Glover to dismiss contained in the answer of said town?

## Question One

At the time this action was commenced, 12 V.S.A. § 1071a was in effect, which read in part:

"All persons may be joined in one action as defendants against whom there is asserted jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and as to whom any question of law or fact common to all of them will arise in the action."

In examining this statute in *John* v. *Fernandez,* 124 Vt. 346, 348, 205 A.2d 552 (1964), this Court noted that this statute allowed for permissive joinder of the parties subject to the discretion of the trial court. As such, the ruling of the trial court in permitting the joinder of the parties in this action is entitled to every reasonable presumption in its favor and will not be disturbed unless it appears that the trial court withheld or abused its discretion. Abuse of discretion is shown only when the one objecting to the ruling has displayed that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *John* v. *Fernandez, supra,* 124 Vt. at 348–49. See also *Central Cab, Inc.* v. *Ironside,* 126 Vt. 356, 361, 230 A.2d 790 (1967); *Stone* v. *Briggs,* 112 Vt. 410, 415, 26 A.2d 828 (1942).

The defendants claim that under the law of *Town of Manchester* v. *Town of Townshend, et al.,* 109 Vt. 65, 192 A. 22 (1937), such joinder was impermissible. However, in

that case the Court was confronted with joinder under the Declaratory Judgment Act, and 12 V.S.A. § 1071a, allowing permissive joinder was not yet enacted. Therefore, that case is inapplicable in this situation. The defendants' contention that the question of the place of Miss Langmaid's settlement raised different questions of law and fact to each defendant is insufficient to show abuse of discretion. The question of place of settlement is common to both defendant towns. No abuse of discretion shown, the first question certified to this Court is answered in the affirmative.

### Question Two

The defendants next contend that the repeal of 33 V.S.A. Chapter 15, Subchapter 4, by § 53 of No. 147 of the Public Acts of 1967, effective October 1, 1968, effectively eliminated the plaintiff's statutory cause of action in 33 V.S.A. § 827. However, § 51(a) of this act provides:

> "This act shall not be construed or held to repeal a law whether the law is expressly repealed in this act or not, as to . . . any right or claim arising under the former law before the new laws take effect under this act, save only that all proceedings thereafter shall conform to the law in force at the time of the proceedings, so far as practicable."

The defendants maintain that this savings clause, effective July 1, 1967, does not apply because the plaintiff did not pay for the relief of Miss Langmaid, i.e., her hospital bill, until April 23, 1968. Hence, the savings clause, § 51(a), saved nothing for the plaintiff because the plaintiff had not been damaged until after the effective date of the savings clause.

But this is not the effect of § 51(a). This section guarantees that a claim arising under the former law will not be extinguished by its repeal. In *Central Vermont Medical Center* v. *Town of Plainfield*, 128 Vt. 557, 268 A.2d 788 (1970), a question of similar import arose. A hospital brought suit for relief furnished to transient persons against a town after the repeal of 33 V.S.A. Chapter 15, Subchapter 4. The defendant filed a motion to dismiss for several reasons, one

of which being that No. 147 of the Public Acts of 1967 abolished the hospital's right to recover from the town. This Court held that such right was not extinguished based on 1 V.S.A. § 214:

> "Section 214 of Title 1 preserves the right to recover from municipalities for such care furnished prior to October 1, 1968, even though the action is commenced after that date. Otherwise, the plaintiff and all hospitals similarly situated would be left without a remedy, either against the town or the state." 128 Vt. at 560.

It is noted that the wording of 1 V.S.A. § 214(b)(4) is of similar import to § 51(a) of No. 147 of the Public Acts of 1967. The construction that the defendants now seek would run contrary to the reason for the existence of § 51(a), the same as 1 V.S.A. § 214, being to prevent the repeal of the rights and claims arising under the former law before the new law took effect. It is unquestioned that 33 V.S.A. Chapter 15, Subchapter 4, granted a cause of action under the set of facts outlined in the plaintiff's complaint. After the repeal of those laws, § 51(a) specifically preserved the same cause of action. Therefore, question number two is answered in the affirmative.

## Question Three

 The defendants allege that the allegations on the plaintiff's complaint show that the statute of limitations has tolled against the plaintiff's cause of action. The plaintiff's cause of action is granted by statute, 33 V.S.A. § 827, which states in part:

> "The town furnishing relief to a transient person shall not be reimbursed as provided in section 825 of this title unless the overseer of such town has given notice to the overseer of the town of such person's settlement within thirty days from receipt of the notice mentioned in sections 821 and 823 of this title . . . . After receiving such notice, the overseer of the town of such transient person's settlement shall then furnish such relief. If such overseer, after receiving such notice, neglects to pro-

vide relief for such transient person within sixty days from the receipt of the same, the town so furnishing him relief may recover therefor against the town of his settlement in an action on this statute. A single action may be brought for all assistance so furnished without other or further notice."

Clearly under this statute, the plaintiff's first opportunity to bring an action against the defendants came sixty days following the date that notice was given to the defendants to provide for the relief of Miss Langmaid on March 2, 1962.

"Statutes of limitations commence to run against a cause of action from the time it accrues, or from the time when the holder thereof has the right to apply to the court for relief, and to commence proceedings to enforce his rights. The time when a cause of action has accrued within the statute of limitations means the time when plaintiff first became entitled to sue." 1 H. Wood, Limitation of Actions § 122a (4th ed. D. Moore 1916).

The plaintiff in his pleading seeks to recover against the defendants under the provisions of 33 V.S.A. § 827. The alleged date of notice to the defendants was March 2, 1962, and sixty days following would have been the beginning of May, 1962. This action was commenced on January 13, 1969, more than six years following. On the face of the plaintiff's pleadings, the six year statute of limitations pleaded in the defendants' answers constitutes an affirmative defense to this action under 12 V.S.A. § 1024, in effect at the commencement of this action. Therefore, question number three is answered in the affirmative.

### Questions Four and Five

In these questions, the defendants seek to have this Court pass on the question of whether the county court erred in denying the defendants motion to dismiss. They are doing so without specifying the grounds for dismissal upon which they rely. The vehicle of passing causes before final judgment as provided in 12 V.S.A. § 2386 is ". . . for the

determination of questions of law . . . ." Such questions are required to be ". . . carefully and precisely framed to present clearly the question or proposition of law involved." *Miller Automobile Co.* v. *State Highway Board,* 126 Vt. 389, 390, 233 A.2d 48 (1967). The reason for the careful drafting of such questions is to apprise not only this Court but also the parties involved ". . . of the defined and precise issues to be answered and sufficiently so to enable this Court to render its decision and dispose of the questions." *Miller Automobile Co.* v. *State Highway Board, supra,* 126 Vt. at 391.

Chief Justice Holden, writing for the Court in *Wilbur* v. *University of Vermont,* 127 Vt. 283, 285–86, 247 A.2d 897 (1968), laid down the following test:

> "It is now well settled in our appellate procedure that the question certified before final judgment should be carefully and precisely framed to clearly present the distinct and critical issues of law. Questions which are broad and indefinite, that permit varying and unprecise answers, are not properly before us."

Questions four and five do not meet this test.

The questions numbered four and five not being properly framed to be determinative of a critical issue of law, nor being capable of a precise and dispositive answer, do not properly belong before us under the vehicle of 12 V.S.A. § 2386, and we shall offer no answer to them. ·

In view of the foregoing, the cause is remanded for hearing with leave granted to file further pleadings if the parties be so advised.

*For the reasons hereinbefore stated in this opinion, questions one, two, and three are answered in the affirmative; questions four and five, not properly before this Court, are not answered. Cause remanded for further proceeding in accordance with the views expressed in this opinion.*