# Bardill Land & Lumber, Inc. v. Robert N. Davis d/b/a Davis Demolition and Fairbanks-Morse & Company

[370 A.2d 212]

No. 29-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Wolchik and Williams*, Morrisville, for Plaintiff.

*Robert N. Davis, pro se*, Morrisville, for Defendant.

**Billings, J.** The appellee Davis rented a crawler-tractor from the plaintiff for use in the demolition of defendant Fairbanks-Morse & Company's factory in St. Johnsbury, Vermont. During the process of demolition, the tractor was extensively damaged by fire and the plaintiff brought suit against the defendants for damages. The parties entered into a stipulation of facts. Based upon the stipulation, the trial court issued findings of facts and conclusions of law. It determined that there was no negligence on either defendant's part; that since the terms of the bailment contract were not proved, no contract of bailment was breached; and that no contractual relationship existed between the plain-

tiff and defendant Fairbanks-Morse. Judgment was entered for the defendants on August 24, 1973. On September 21, 1973, the plaintiff, pursuant to V.R.C.P. 60(b)(3), moved for relief from judgment on the basis of fraud as to defendant Davis. The trial court, with a different superior judge presiding, denied the motion. The plaintiff appeals denial of that motion.

Plaintiff alleges that it entered into the stipulation without knowledge of previous accidental fires which had occurred at other job sites where the defendant Davis had been employed. It argues that failure to disclose this information pursuant to pretrial discovery constituted fraud.

 In all cases where fraud is alleged, it must be proved by clear and convincing evidence. The party seeking to establish it has the burden of proof. *Lyndonville Savings Bank & Trust Co.* v. *Peerless Insurance Co.*, 126 Vt. 436, 440, 234 A.2d 340 (1967). Fraud can never be presumed, but must be proved.

 A motion for relief from judgment pursuant to V.R.C.P. 60(b)(3) is addressed to the discretion of the trial court, and it is only available for review when abuse is made to appear. *Weeks* v. *Burnor*, 132 Vt. 603, 606, 326 A.2d 138 (1974). The trial court found no fraud, despite the fact that the defendant, in answering the pre-trial interrogatories, filed a false answer to a specific inquiry as to his involvement with fires at other demolition sites. In denying the motion for relief, the trial court exercised its discretion on grounds and for reasons clearly untenable and to an extent clearly unreasonable. *Weeks* v. *Burnor, supra; City of Newport* v. *Town of Glover*, 131 Vt. 61, 65, 300 A.2d 632 (1973).

*Reversed and remanded with leave to the plaintiff to withdraw from the stipulation, if he be so advised.*