**Associated Mortgage Investors v. Haystack Corporation, et al.**

**Associated Mortgage Investors v. R. Marshall Witten, et al.**

[435 A.2d 964]

No. 138-80

Present: **Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.**

Opinion Filed September 1, 1981

126

*Smith, Harlow & Liccardi,* Rutland, and *Kenneth V. Fisher,* Brattleboro, for Plaintiffs.

*Barbara E. Cory* of *Dinse, Allen & Erdmann,* Burlington, for Defendants.

**Underwood, J.** This appeal emanates indirectly from three foreclosure actions brought by the plaintiff, Associated Mortgage Investors (AMI), against the defendants, Haystack Corporation and some 550 individuals who had purchased lots from Haystack Corporation. The vendees counterclaimed asserting liens superior to those of the plaintiff. AMI then brought a third party action, pursuant to V.R.C.P. 14(b), for legal malpractice against the attorneys who had certified

that the title to the mortgaged property was marketable and that it therefore had a valid first lien.

After almost five years of delays and settlement negotiations, the trial court ordered that if all pending counterclaims, cross-claims and cross-complaints filed by the defendants were not moved to trial within a given time, it would dismiss them with prejudice. No party so moved, and the court therefore issued an order dismissing all of the defendants' counterclaims, cross-claims and cross-complaints. The clerk of the court thereupon removed those counterclaims, cross-claims and cross-complaints, as well as AMI's third party complaint, from the docket. AMI then moved, without success, for the reinstatement of its third party complaint. It is from the denial of this motion that AMI appeals.

AMI concedes that the ruling of the trial court was made as a matter of discretion and not as a matter of law. Therefore, the single issue on appeal is whether the trial court abused its discretion in refusing to reinstate AMI's third party complaint.

From the docket entries and the record below, it is apparent that the presiding judge, as ramrod, was attempting to ride herd on 550 counterclaimants. He wanted them to either try their claims or settle them. The three foreclosure actions had been fraught with delays, some attributable to the attorneys, who constantly held out the hope of settlement in one or more claims, others caused by a stay pending bankruptcy proceedings against Haystack Corporation.

In its progress order threatening dismissal of the defendants' counterclaims, cross-claims and cross-complaints, the trial court made no reference to AMI's third party complaint. This could not have been due to a misunderstanding on the part of the trial court as to the distinction between a cross-complaint and a third party complaint, because prior to the issuance of its progress order, the court had denied a motion by the third party defendants to dismiss AMI's third party complaint. In that order, the trial court specifically referred to the "third party complaint." The trial court therefore did not intend to dismiss the third party complaint when it issued its progress order.

The dismissal order read as follows: "All counterclaims, cross-claims and cross-complaints in the above captioned

three foreclosure matters are hereby dismissed with prejudice." Notwithstanding the clear language of this order, the clerk of the court treated it as dismissing AMI's third party complaint and struck it from the docket.

When AMI discovered, at the printing of the next hearing calendar, that its third party complaint had been dismissed, it immediately filed motions to have it reinstated. AMI contends that if it had realized that the court intended to dismiss its third party complaint, it would have moved for relief from the order immediately, or taken an appeal from it. Since the order did not specifically refer to the third party complaint, AMI argues that it had no reason to take any affirmative action until it saw that it had been removed from the docket. The third party defendants argue that all the litigants knew, or should have known, that the progress order was meant to include all pending claims, and that AMI, by virtue of the counterclaims, was in fact one of the "defendants" referred to in the progress order.

A counterclaim is an assertion by a defendant against a plaintiff of a cause of action arising out of the same circumstances as the plaintiff's cause of action. V.R.C.P. 13(a) and (b). A cross-claim differs from a counterclaim in that a counterclaim is available only to a defendant against a plaintiff, whereas a cross-claim is brought by a plaintiff against a co-plaintiff or by a defendant against a co-defendant. V.R.C.P. 13(g). Cross-complaints, no longer included in our Vermont Rules of Civil Procedure, were formerly used in chancery cases as a part of the defendant's answer when he sought affirmative relief against the plaintiff. It was essentially a pleading in defense and could generally not bring in new matters. H. Harmon, *Manual of Vermont Court Procedure* 224 (1912). A third party complaint, on the other hand, may be brought by either a plaintiff or a defendant, but only against a person not a party to the pending action. V.R.C.P. 14.

Third party complaints are therefore not to be confused with counterclaims, cross-claims or cross-complaints. An order dismissing any or all of these does not by inference dismiss a third party complaint.

■ We hold that the trial court erred when it refused to reinstate AMI's third party complaint. In view of the fact that neither the progress order nor the order of dismissal contained a reference to the third party complaint, either expressly or impliedly, the trial court's reasons for denying the plaintiff's motion for reinstatement were clearly unsupportable. *Bardill Land & Lumber, Inc.* v. *Davis,* 135 Vt. 81, 82, 370 A.2d 212, 214 (1977).

*Reversed and remanded.*