### State of Vermont v. Gerald Blondin

[270 A.2d 165]

No. 62-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 6, 1970

*James M. Jeffords,* Attorney General, *Fred I. Parker,* Deputy Attorney General, and *Kimberly B. Cheney,* State's Attorney, for the State.

*Richard E. Davis,* Barre, for Defendant.

**Holden, C.J.** The respondent is awaiting trial after indictment for the crime of murder. During this interval the respondent moved to suppress certain oral and written statements made to officers of the Vermont state police, without benefit of counsel, at the time of, and immediately following, his arrest. The basis for this aspect of the motion is that the statements were taken in violation of the accused's state and federal constitutional rights against involuntary self-incrimination, contrary to *Miranda* v. *Arizona,* 384 U.S. 436. The motion further seeks to suppress and compel the return of certain personal papers taken from his cot in the place of his confinement at the Burlington Correctional Facility.

At the pretrial evidentiary hearing on the motion, certain facts concerning the seizure of the respondent's personal papers were stipulated. The facts concerning the statements given to the enforcement officers were not compromised. The evidence was in conflict and subject to opposing inferences.

The court concluded its numerous findings by stating:

> "From a consideration of the Respondent's words, acts and conduct, his age, his education, military training and experience as well as all other facts hereinbefore found as to the circumstances surrounding his apprehension and questioning we find that the Respondent consciously and intelligently waived his rights to counsel and to have counsel present when being questioned (by state police officers) both upon the Bartlett Road and at the K District office on April 15, 1969 as well as his right to remain silent."

The court went on to hold that the respondent's statements to the state police were voluntarily given and the search and seizure of his personal papers was lawfully made. Accordingly, the motion to suppress was denied. At the request of the respondent, the lower court has passed the cause to this Court for review of that ruling before proceeding to trial.

■■ It is the general rule that an appeal should not be permitted in criminal causes until a final verdict, adverse to the appellant, has been rendered in the trial court. 13 V.S.A. §§ 7401 and 7403. 12 V.S.A. § 2386 affords limited variance to the general rule by granting discretionary authority to the county and district courts to permit an appeal before final judgment for the determination of questions of law. 1959, No. 261 § 50. See *State of Vermont* v. *Benjamin,* 124 Vt. 20, 196 A.2d 507. This section contemplates the certification of those questions of law which the trial court conceives to be dispositive of the action and perhaps alleviate the burden of a needless trial.

■ Questions addressed to the admission or exclusion of evidence are neither suitable nor amenable to interlocutory appeals. The resolution of such questions before trial will seldom materially advance the termination of the litigation. *The Miller Automobile Co.* v. *State Highway Board,* 126 Vt. 389, 391, 233 A.2d 48; *Powers* v. *State Highway Board,* 123 Vt. 1, 6, 178 A.2d 390.

■ , The rule has particular application with salutary force and effect in the conduct of criminal cases. This is especially true where the admissibility of evidence depends on factual contentions, more appropriately resolved during the course of a plenary trial. Thus, it is the generally accepted rule that an appeal will not lie to review the denial of a pretrial motion to suppress evidence on the claim of illegal search and seizure. *DiBella* v. *United States,* 369 U.S. 121, 7 L.Ed. 614, 617–620. See also *In re Fried,* 161 F.2d 453, 1 A.L.R.2d 996, 1010, (concurring opinion of L. Hand, J., and dissenting opinion of A. Hand, J.) ; 24 C.J.S. §§ 1644–1647; Standards Relating to Criminal Appeals, § 1.3, (b) (i), Commentary d, Tentative Draft, A.B.A. Project on Minimum Standards for Criminal Justice. Compare, *Idem.* § 1.4 (a) (iii). The reason and the purposes of the rule denying interim review of such questions are clearly stated by Justice Frankfurter in his opinion in *DiBella.*

■ Review of the lower court's denial of the motion to suppress will not necessarily settle the question. Appellate intervention at this stage of the proceedings—"makes for truncated presentation of the issue of admissibility, because the legality of the search too often cannot truly be determined until the evidence at the trial has brought all the circumstances to light." *DiBella* v. *United States, supra,* 369 U.S. at 129. It is for this reason that the denial of a pretrial motion to suppress evidence does not prohibit reconsideration of the ruling when the case comes on for trial. *Cogen* v. *United States,* 278 U.S. 221, 224; *Gouled* v. *United States,* 255 U.S. 298, 312–313.

It appears that in the *Gouled* case the lower federal court, in advance of trial, denied the defendant's motion to suppress certain papers, of evidential value only, secretly taken by the Government from the defendant's office. Suppression before trial apparently was denied on a procedural rule akin to that applied in *State* v. *Stacy,* 104 Vt. 379, 401, 160 A.2d 257, 747. In this connection, it is noteworthy that the holding in *State* v. *Stacy,* rejecting the prior holding in *State* v. *Slamon,* 73 Vt. 212, 215, 50 A.2d 1097, has since been overturned by the application of the Fourth Amendment to state criminal trials in *Mapp* v. *Ohio,* 367 U.S. 643, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, 942.

The Supreme Court concluded that the government could desire possession of the defendant's personal papers only "to use it as evidence against the defendant, and to search for and seize it for such purpose was unlawful." *Gouled* v. *United States, supra,* 255 U.S. at 310. The Court went further to say that—"where, in the progress of a trial, it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, even where a motion to return the papers may have been denied before trial."

The same rule applies, with substantially equivalent reason to interlocutory review of the denial of the motion to suppress, as involuntary, the statements made by the respondent at the time of his arrest. *State* v. *Cicenia,* 6 N.J. 296, 78 A.2d 568, 571. See also, dissenting opinion of Judge Augustus N. Hand in *Re Fried, supra,* 1 A.L.R.2d at 1011, and annotation.

It has been the well settled procedure in this jurisdiction for the trial court to conduct a preliminary examination of an offered confession, out of the presence of the jury to determine whether it was voluntarily given. Now a full evidentiary hearing to resolve disputed facts and conflicting inferences is essential to the Due Process Clause of the Fourteenth Amendment. *Jackson* v. *Denno,* 378 U.S. 368, 12 L.Ed.2d 908, 916. But the denial of the respondent's pretrial motion to suppress or exclude the confession is not reviewable at the instance of the respondent at that stage of the proceedings. Such a ruling is tentative only, and subject to revision at the trial.

Counsel urged at oral argument that the stipulated facts presented at the pretrial hearing are invariable. This is the equivalent of submitting the question as in an agreed case. Such procedure has but limited application in criminal causes and only for less serious offenses. See 3 Am.Jur.2d, Agreed Case, § 7. And, if at the trial of the case at hand, other or different facts should appear, the facts, as stipulated or previously found at the pretrial hearing, could not foreclose a reexamination of issues of constitutional concern. *Gouled* v. *United States, supra,* 255 U.S. at 310.

We recognize that the questions certified are of serious import to the respondent, and the prosecution as well. We are

reluctant, at our own instance, to decline to answer them. But since the order and the finding upon which it is laid are subject to revision and change during the progress of the trial, any answer we might venture to the questions presented would be inconclusive and merely advisory.

Moreover, in the context of the trial, a prejudgment by interlocutory review in this Court, before all the facts are known, might unduly influence the rulings at the trial. Accordingly, we hold that appellate review of the denial of the motions to suppress must await an appeal in the traditional manner, as a matter of right, after a final result is reached in the court below.

*Appeal dismissed and cause remanded.*

NOTE. The opinion in this appeal was originally filed on July 22, 1970. Thereafter, upon motion and hearing on request for permission to reargue, the opinion was recalled and certain revisions made without affecting the entry first made.