## State of Vermont v. Ronald W. Karcz, State of Vermont v. Arthur M. Baillargeon

[352 A.2d 687]

Nos. 170-75; 217-75

Present: Smith, Daley, Larrow, Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 4, 1976

*Richard G. English,* Addison County State's Attorney, Middlebury, for Plaintiff.

*Lynch, Ketcham & Foley,* Middlebury, for Karcz.

*Jon C. Stahl* of *Langrock and Sperry,* Middlebury, for Baillargeon.

188

**Per Curiam.** These two cases, consolidated below for purposes of appeal, arise from the same factual situation and present, by means of reports by agreement pursuant to V.R.A.P. 5(a) following denials of defendants' motions to suppress at the omnibus hearings, questions relating to the admissibility of certain evidence obtained in the process of an allegedly unlawful search. The orders reporting the cases here properly contain, pursuant to V.R.A.P. 5(a), the district judges' opinions that the questions reported are of sufficient importance and doubt to justify appeal before final judgment and that resolution of these questions would in one alternative result in final judgment for defendants. While we recognize that the questions reported are of considerable import, we do not agree that their resolution would in any alternative result in final judgment for defendants.

Appellate Rule 5(a) governing appeals before final judgment via reports by agreement was amended so as to apply to criminal actions after our decision in *State* v. *Blondin,* 128 Vt. 613, 270 A.2d 165 (1970). In *Blondin* we decided, and reaffirm here, the general principle that questions addressed to the admission or exclusion of evidence are neither suitable nor amenable to interlocutory appeal. See also *Miller Automobile Co.* v. *State Highway Board,* 126 Vt. 389, 233 A.2d 48 (1967); *Powers* v. *State Highway Board,* 123 Vt. 1, 178 A.2d 390 (1962). But, these principles of *Blondin* and its precedents have been necessarily modified by amended Appellate Rule 5(a), which specifically provides for interlocutory review in criminal cases on certain conditions. Interlocutory review is not appropriate here because disposition of these questions relating to the admissibility of evidence would not necessarily result in one alternative in final judgment for defendants. Hypothetically, a ruling here against admissibility would at most bring about a remand whereupon several eventualities other than judgment for defendant could result, including discontinuance, nolle prosequi, or perhaps prosecution based on new evidence.

Finally, we note with disapproval the occurrence in No. 217-75 where one judge presided at the suppression hearing, while a different judge reported the questions here. Ap-

pellate Rule 5(a) contemplates a report by the district judge who conducted the suppression hearing, and is the better practice in future proceedings under the rule.

*Appeal dismissed. Causes remanded to District Court of Vermont, Unit No. 2, Addison Circuit.*