## State of Vermont v. Jack H. D. Kelley

[394 A.2d 1125]

No. 261-75

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 30, 1978

*M. Jerome Diamond*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse*, Defender General, *Charles S. Martin*, Appellate Defender, and *David W. Curtis*, Acting Appellate Defender, Montpelier, for Defendant.

**Per Curiam.** Defendant was convicted of issuing a check knowing he had insufficient funds, in violation of 13 V.S.A. § 2022. He appeals his conviction because of the trial court's refusal to compel the attendance of out-of-state witnesses in his behalf, under 13 V.S.A. § 6646. By affidavits, he claimed handwriting samples, voice samples, and line-up identification

of one of the witnesses would show that the witness, and not defendant, issued the check in question, that other witnesses would show a conspiracy to bring about his arrest, and would tend to negate any fraudulent intent on his part.

The right sought by defendant was a fundamental one. *Washington* v. *Texas,* 388 U.S. 14, 19 (1967). Unlike the situation in *State* v. *Emrick,* 129 Vt. 475, 282 A.2d 821 (1971), where defendant refused to disclose the nature and materiality of the evidence he wanted to produce, the defendant here met the burden of such a showing. Evidence such as he outlined could well have changed the outcome of the case, as shown, in part, by the prosecutor's comment in jury argument on defendant's failure to produce witnesses. Materiality, not conclusiveness, is the test. We note also a failure by the trial court to state its essential findings on the record with respect to defendant's motion, as required by V.R.Cr.P. 12(d).

*Judgment reversed and cause remanded.*