# In re Sallyann Stoddard

[470 A.2d 1185]

No. 83-317

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 20, 1983

*John J. Easton, Jr.*, Attorney General, *Robert W. Gagnon*, Assistant Attorney General, and *Ken Denti*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Cheney & Brock*, Montpelier, and *Gensburg & Axelrod*, St. Johnsbury, for Defendant-Appellant.

**Billings, C.J.** This is an appeal from a summons issued by the Caledonia District Court, Unit No. 4, pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases, 13 V.S.A. §§ 6641–6649 (hereinafter cited as Uniform Act to Secure Witnesses). In April, 1983, a superior court judge in New Jersey issued a certificate, pursuant to Title 2A N.J.S.A. § 81-20,[*] stating that appellant, Sallyann Stoddard, a Vermont resident, was a material witness in a grand jury criminal investigation in New Jersey. Pursuant to a stipulated agreement between Stoddard and the Caledonia County State's Attorney, acting on behalf of Vermont and New Jersey, Stoddard agreed to submit to a deposition in Vermont in lieu of her appearance in New Jersey. During the deposition, Stoddard, claiming her Fifth Amendment privilege against self-incrimination, refused to answer certain questions relating to the activities of Richard Williams, the subject of the New Jersey investigation and the father of Stoddard's two children. As a result of the assertion of her Fifth Amendment privilege, New Jersey refused to accept her deposition in lieu of a grand jury

---

[*] Title 2A N.J.S.A. §§ 81-17.3 to 81-23 (1976) contains the New Jersey provisions of the Uniform Act to Secure Witnesses.

appearance. A hearing was then held in the Caledonia District Court pursuant to 13 V.S.A. § 6643 of the Uniform Act to Secure Witnesses, and a summons was issued directing Stoddard to attend and testify before the New Jersey grand jury. This Court granted Stoddard's motion for a stay of the summons pending a review on the merits.

The threshold issue on appeal, an issue of first impression in Vermont, is whether the summons issued pursuant to the Uniform Act to Secure Witnesses is a final judgment and therefore appealable to this Court. V.R.A.P. 4; *State* v. *Blondin*, 128 Vt. 613, 615, 270 A.2d 165, 166 (1970) ; *Beam* v. *Fish*, 105 Vt. 96, 97–98, 163 A. 591, 591–92 (1933).

 Although there is very little authority directly on point, we hold that the summons is a final judgment and that this Court does have jurisdiction to hear Stoddard's appeal. *New Jersey* v. *Geoghegan*, 76 A.D.2d 894, 429 N.Y.S.2d 37 (1980). The summons directs Stoddard to leave her home and travel to another state in order to appear as a witness before a grand jury engaged in the investigation of a 1981 New Jersey criminal homicide. This is a drastic procedure, *State* v. *Emrick*, 129 Vt. 476, 479, 282 A.2d 821, 824 (1971), for "it represents an incursion upon the liberty of a prospective witness, who [is] accused of no crime or wrongdoing . . . ." *People* v. *McCartney*, 38 N.Y.2d 618, 622, 345 N.E.2d 326, 329, 381 N.Y.S.2d 855, 857 (1976). The right of the New Jersey grand jury to hear the testimony of an out-of-state witness must be balanced against the right of the witness whose presence is compelled. *Id.* If we were to hold that there is no right of review, see, e.g., *Armes* v. *State*, 573 S.W.2d 7 (Tex. Crim. App. 1978), we would, in effect, be precluding Stoddard from any right of review at all. See *Cobbledick* v. *United States*, 309 U.S. 323 (1940). This would clearly be contrary to Stoddard's guaranteed right to a remedy at law. Vt. Const. Ch. I, Art. 4. If an indictment is handed down by the New Jersey grand jury, and a criminal action is begun, Stoddard, who would not be a party in that action, would have no right to appeal the merits of the Caledonia District Court summons on the basis of any judgment which might be rendered in the New Jersey action. *Covey Oil Co.* v. *Continental Oil Co.*, 340 F.2d 993, 996 (10th Cir. 1965). A few courts

have held that the only appellate avenue open to a witness in Stoddard's position is to disobey the summons and risk being found in contempt of court. See, e.g., *United States* v. *Lavender*, 583 F.2d 630, 632 (2d Cir. 1978) (party must either comply or resist and argue the validity of the order in a contempt hearing). However, we believe this too would be unavailing because "a contempt proceeding based on the violation of a court order does not open to reconsideration the legal or actual basis of the order so as to result in a retrial of the original controversy." *Socony Mobil Oil Co.* v. *Northern Oil Co.*, 126 Vt. 160, 164, 225 A.2d 60, 63 (1966). Therefore, the summons ordering Stoddard to New Jersey pursuant to the Uniform Act to Secure Witnesses is a final order from which she has a right to an appeal.

We next address Stoddard's claim that the trial court failed to make independent findings of fact as required by the Uniform Act to Secure Witnesses. 13 V.S.A. § 6642 requires a district court judge to hold a hearing upon presentation of a certificate issued by a judge of the requesting state. At this hearing, the judge must determine (1) that the witness is material; (2) that the witness' out-of-state presence is necessary; and (3) that the witness' attendance before the proceeding in the requesting state will not cause the witness undue hardship. 13 V.S.A. § 6643.

A review of the record indicates an apparent uncertainty respecting the trial court's role in the hearing held pursuant to 13 V.S.A. § 6642. The court apparently believed that because the certificate issued by the requesting state judge was prima facie evidence on the issues of materiality, necessity and undue hardship, 13 V.S.A. § 6643, there was no need to make its own independent findings on these issues. This is error. Before a summons is issued or denied, the trial court must hear evidence and render findings on whether the attendance of the witness before the out-of-state proceeding is material and necessary and will not cause that witness undue hardship. *United States ex rel. Pennsylvania* v. *McDevitt*, 195 A.2d 740 (D.C. 1963); *New Jersey* v. *Bardoff*, 92 A.D.2d 890, 891, 459 N.Y.S.2d 878, 879 (1983).

In the case at bar, Stoddard concedes that she is a

material witness. On the issue of necessity, however, the record reflects conflicting evidence. In addition, the record is conflicting on the issue of undue hardship. At the hearing Stoddard testified concerning her fear for her own safety if compelled to go to New Jersey. The court conditioned Stoddard's appearance in New Jersey on that state's insuring that Stoddard would be protected from any and all unnecessary contact with law enforcement personnel. The court also ordered New Jersey to pay travel and per diem expenses for a companion to travel with Stoddard to and from New Jersey. These conditions are unenforceable because Vermont courts have no jurisdiction in New Jersey; if the court determined there was undue hardship, it was error to issue the summons. See *M.C.A.* v. *California*, 128 Cal. App. 3d 225, 230, 181 Cal. Rptr. 404, 408 (1982) (Staniforth, Acting Presiding J., dissenting). In proceedings such as this, it is essential that the trial court state its findings of fact on the record. *State* v. *Kelley*, 136 Vt. 505, 506, 394 A.2d 1125, 1126 (1978).

*Reversed and remanded.*