### Jean O'CONNOR, et al. v. CITY OF RUTLAND

[772 A.2d 551]

No. 00-072

April 13, 2001. Plaintiff Jean O'Connor* appeals from the Rutland Su-

---

* Plaintiff brought suit individually, on behalf of her daughter's estate, and on behalf of Sierra Pomainville and Carol O'Connor, as next friend.

perior Court's grant of defendant City of Rutland's motion to dismiss her complaint under V.R.C.P. 12(b)(6) on the grounds that defendant is immune from suit under our municipal immunity doctrine. Plaintiff urges us to reconsider, and overrule, *Hillerby v. Town of Colchester*, 167 Vt. 270, 706 A.2d 446 (1997). We decline to do so and affirm.

In October 1996, plaintiff's daughter was struck and killed by a motorist in the City of Rutland while she was crossing the street. Plaintiff brought suit against the City under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491-1492, seeking damages. Plaintiff's complaint alleged — and in the procedural posture of this case, we accept as true — that the City was negligent in failing to maintain adequate crosswalks and in failing to provide adequate street lighting. Defendant moved to dismiss, claiming immunity because maintaining and designing streets, street lighting, and crosswalks are governmental functions, and thus, the City is immune under our municipal immunity doctrine as recently explicated in *Hillerby* and *McMurphy v. State*, 171 Vt. 9, 757 A.2d 1043 (2000). The trial court granted defendant's motion; plaintiff appeals. Plaintiff does not contest that the trial court was correct under the existing municipal immunity doctrine.

In the past decisions of this Court, we have recognized the importance of the doctrine of stare decisis, and we have noted that although we are not "slavish adherents" to this doctrine, neither do we lightly overturn recent precedent, especially where the precedent could be changed easily by legislation at any time. *State v. Berini*, 167 Vt. 565, 566, 701 A.2d 1055, 1056 (1997) (mem.); *Chittenden v. Waterbury Ctr. Cmty. Church*, 168 Vt. 478, 490-91, 726 A.2d 20, 29 (1998). Such is the case here. In *Hillerby*, the majority of this Court decided that abrogating the governmental/proprietary distinction in our municipal immunity doctrine was for the Legislature and not the courts, 167

Vt. at 272, 706 A.2d at 446, partly because the Legislature's "fact-finding and problem-solving process is better suited for the task in this area of the law," *id.* at 276, 706 A.2d at 449. Thus, the considerations that underlie *Hillerby* also weigh against overturning it, even assuming that current members of the Court would have reached a different decision.

*Affirmed.*