2016 VT 118

### STATE of Vermont v. Carolyn LYFORD

[160 A.3d 317]

No. 16-350

¶ 1. November 15, 2016. The criminal division of the superior court granted defendant's motion for permission to file an interlocutory appeal, pursuant to Vermont Rule of Appellate Procedure 5(b), from the court's decision denying defendant's pretrial motion to suppress and dismiss, which alleged an illegal canine search. For the reasons explained below, we dismiss the appeal as improvidently granted. See V.R.A.P. 5(b)(8) ("On its own or the appellee's motion, the Supreme Court may at any time dismiss the appeal as improvidently granted.").

¶ 2. Since 1989, a defendant, with the approval of the trial court and the State, may enter a conditional guilty plea while reserving the right to appeal "the adverse determination of any specified pretrial motion." V.R.Cr.P. 11(a)(2); *id.* Reporter's Notes-1989 Amendment. Generally, this Court does not accept interlocutory appeals of decisions denying motions to suppress in criminal cases unless a conditional plea is not available or practicable under the circumstances and the criteria in Rule 5(b) have been met. This is consistent with our general rule that "an appeal will not lie to review the denial of a pretrial motion to suppress evidence on the claim of illegal search and seizure." *State v. Blondin*, 128 Vt. 613, 615-16, 270 A.2d 165, 166 (1970) (citing 13 V.S.A. §§ 7401, 7403 in support of "the general rule that an appeal should not be permitted in criminal causes until a final verdict, adverse to the appellant, has been rendered in the trial court," and noting that 12 V.S.A. § 2386 "affords limited variance to the general rule by granting discretionary authority" to the superior court "to permit an appeal before final judgment for the determination of questions of law"); see also ABA Minimum Standards for Criminal Justice, Criminal Appeals, Standard 21-1.3(b)-(c) (stating that defendants generally should not be permitted to take interlocutory appeals in criminal cases and that conditional plea procedure should be established to allow review after final judgment of decisions on contested pretrial motions such as motions to suppress evidence).

¶ 3. Although we recognize that on occasion this Court has accepted interlocutory appeals from decisions denying motions to suppress, in this case defendant has not indicated that a conditional plea is unavailable or impracticable under the circumstances, and the trial court has not made any findings indicating that the criteria set forth in V.R.A.P. 5(b) have been met. Accordingly, we decline to accept the appeal.

*Appeal dismissed as improvidently granted.*