NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 44

Nos. 2019-006, 2019-009 & 2019-010

| State of Vermont | Supreme Court |
| --- | --- |
| | |
| | On Appeal from |
| v. | Superior Court, Caledonia Unit, |
| | Criminal Division |
| | |
| Wesley Haynes, Tristan Harris and | June Term, 2019 |
| Dennis Magoon | |

Robert R. Bent, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Rebecca Turner, Appellate Defender, Montpelier, for Defendant-Appellant Haynes, Allison Fulcher, Barre, for Defendant-Appellant Harris, and Michael Rose, St. Albans, for Defendant-Appellant Magoon.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **PER CURIAM.**   Defendants move to reconsider this Court's dismissal of their interlocutory appeals because defendants had not demonstrated why they could not seek review by entering a conditional guilty plea. Defendants argue that they should not be required to enter a conditional guilty plea instead of seeking interlocutory review. We agree and conclude that a defendant is not required to demonstrate that a conditional guilty plea is not practicable or available before seeking interlocutory review. A defendant in a criminal action may seek interlocutory review if the requirements of Vermont Rule of Appellate Procedure 5 are met. In this case, because the criminal division did not explain the basis for granting interlocutory appeal, we dismiss the interlocutory appeals without prejudice to defendants refiling after the trial court issues a decision.

## I. Factual Background

¶ 2.  Following an investigatory stop, defendants were all charged in different dockets with possession of heroin and defendant Magoon was charged with possession of a concealed weapon while committing a felony.  In November 2018, defendants moved to suppress evidence.  In connection with that motion, the court found the following.  In April 2017, Officer Tetreault of the Hardwick Police Department was on patrol after midnight with his dog, who is trained to detect controlled substances.  He observed two vehicles parked in a plaza with businesses that were not open at that hour; one was parked in a shadowed area of the lot.  He entered the lot and observed four males in the car.  He got out of his cruiser and spoke with the men.  They stated that they stopped to relieve themselves, but it was unclear why they remained in the lot.  They claimed to be going from Newport to Montpelier, but they were not on the most direct route between those locations.  The officer observed that the front passenger was nervous and "twitchy," repeatedly moving his hands in and out of his pockets and rocking back and forth.  The officer thought the passenger appeared to be under the influence of narcotics.  The officer requested identification from the men in the car, which all but one of them provided.  The officer then went back to his cruiser and requested backup due to safety concerns.

¶ 3.  In response to the officer's inquiry, the men denied having guns or drugs in the vehicle.  Three men stated they were from Vermont, and the fourth man said he was from Springfield, Massachusetts.  The officer testified that this is a known supply center for heroin.  The officer found the situation to be suspicious and told the men to "stay put."  Dispatch reported that the only valid driver's license was held by defendant Magoon, who had prior drug involvement and was known to carry a weapon.

¶ 4.  A second officer arrived about twenty-two minutes into the encounter.  Officer Tetreault led his dog around the car for a drug sniff, and it "alerted" on the front bumper and both rear passenger doors.  Officer Tetreault asked defendant Magoon to step out of the vehicle and a pat-down search revealed a loaded revolver.  The driver, defendant Harris, consented to a search

2

of the car and police found bundles of what appeared to be heroin and a stack of cash. All the occupants denied owning the drugs or cash. All three defendants in this appeal were charged with possession of heroin and defendant Magoon was also charged with carrying a weapon while committing a felony.

¶ 5. Defendants moved to suppress the evidence obtained as a result of the officer's interaction with defendants. Defendants argued that the officer seized defendants by ordering them to remain in the vehicle without a reasonable suspicion of wrongdoing. Defendants also contended that the officer impermissibly expanded the stop by questioning them about criminal activity and by deploying a drug-sniffing dog.

¶ 6. The court denied the motions to suppress. The court concluded that the initial traffic stop was warranted, and that subsequent events and observations supported the investigative detention that followed. The court further concluded that the extension of the stop to deploy the canine was supported by the facts that the men were in an unlit car behind a bank at 1:00 a.m.; the men had no explanation for their presence; the front passenger was rocking and twitching and appeared under the influence of narcotics; and one passenger was known to carry a weapon. Defendants moved to reconsider and the court denied the motion.

¶ 7. Defendants then moved for interlocutory review. The appellate rules provide that an interlocutory appeal may be granted to a defendant in a criminal matter if the issue appealed is a controlling issue of law "about which there exists substantial ground for difference of opinion," and an immediate appeal has potential to "materially advance the termination of the litigation." V.R.A.P. 5(b)(1), (2). Defendants argued that the issues of whether Officer Tetreault unlawfully detained defendants or unlawfully expanded the traffic stop were controlling questions of law. Defendants further argued that an immediate appeal would advance termination of the litigation because if the motion to suppress was granted, then the State would lack admissible evidence to continue the prosecution. The State did not respond to the motion. In December 2018, the trial court granted the motion without explanation, and the appeals were transmitted to this Court.

3

¶ 8.    In January 2019, this Court dismissed the interlocutory appeals. This Court quoted State v. Lyford, 2016 VT 118, ¶ 2, 203 Vt. 648, 160 A.3d 317 (mem.), for the proposition that generally interlocutory appeals of motions to suppress in criminal cases are not granted " 'unless a conditional plea is not available or practicable under the circumstances and the criteria in Rule 5(b) have been met.' " Because defendants did not demonstrate why a conditional guilty plea was not available or practicable, this Court dismissed the appeals as improvidently granted. V.R.A.P. 5(b)(8).

¶ 9.    Defendants asked this Court to reconsider the dismissal and sought leave to file additional briefing. This Court granted the request for defendants to submit briefing in support of their motion to reconsider the dismissal and directed the parties to brief the merits of the holding in Lyford, 2016 VT 118.

¶ 10.    Defendants argue that: (1) the Lyford holding effectively amends Appellate Rule 5 and this change should be made through the rulemaking process; (2) the requirement that defendants demonstrate that a conditional guilty plea is impracticable, is coercive, is contrary to the presumption of innocence, and impermissibly empowers the prosecution; (3) denying defendants interlocutory review contravenes their rights under the Vermont Constitution; and (4) Lyford impermissibly narrows the group of defendants eligible for interlocutory review of pretrial motions.

¶ 11.    We overrule Lyford's requirement that defendants must demonstrate that a conditional guilty plea is not available or practicable as a prerequisite to obtaining interlocutory review. We hold that defendants in criminal cases may obtain interlocutory review if the conditions in Appellate Rule 5 are met. Nonetheless, we dismiss these appeals as improvidently granted because the issues raised are not controlling questions of law and an immediate appeal will not materially advance the termination of the litigation.

II. Scope of Interlocutory Review for Defendants in Criminal Cases

¶ 12.   To fully understand the issues raised here, it is necessary to provide some background information on the law surrounding interlocutory appeals by defendants in criminal cases.  In general, Vermont follows the final-judgment rule, which provides that appellate review is usually postponed until after final judgment because this best protects the interests of litigants while conserving judicial resources.  See In re Pyramid Co. of Burlington, 141 Vt. 294, 300, 449 A.2d 915, 918 (1982) ("Piecemeal appellate review causes unnecessary delay and expense, and wastes scarce judicial resources.").  Because interlocutory appeals are an exception to the finality requirement, the criteria for interlocutory review are designed "assure the ripeness of issues for appellate review, and safeguard against improvident appellate decisionmaking."  Id. at 301, 449 A.2d at 918.

¶ 13.   In criminal cases, the delay inherent in an interlocutory appeal has been viewed as an additional reason to delay appellate consideration until after conviction.  See Cobbledick v. United States, 309 U.S. 323, 325-26 (1940) ("The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await [the accused's] conviction before its reconsideration by an appellate tribunal.").  Because of the preference for waiting until after final judgment, "only three federal statutes authorize interlocutory review by appellate courts in criminal cases."  7 W. LaFave et al., Criminal Procedure § 27.2(b) (4th ed. 2018); see 15B C. Wright et al., Federal Practice and Procedure § 3918 (2d ed. 2019) (explaining that policy of finality is strictly applied in criminal cases because of importance of prompt trials, possibility that delay will weaken prosecution's case, possibility that defendant on bail will commit additional offenses, chance that delay will reduce prospect for rehabilitation, and community interest in swift justice).  Nonetheless, several states permit interlocutory review by defendants in criminal cases, based on the conclusion that "the final judgment rule should be subject to exception where the circumstances of the individual case convince the appellate court that the protection of

5

the defendant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." LaFave, supra, § 27.2(b)

¶ 14. To understand Lyford, we begin in 1970 when this Court was faced with an interlocutory appeal by a defendant in a criminal case. State v. Blondin, 128 Vt. 613, 270 A.2d 165 (1970). At the time, a statute provided:

> In its discretion and before final judgment [the trial court] may permit an appeal to be taken by any party in a civil cause or proceeding, or by the respondent or the state in a criminal cause, to the supreme court for determination of questions of law. The supreme court shall hear and determine such questions and render final judgment thereon or remand the proceedings as justice and the state of the cause may require.

1959, No. 261, § 50. The appellate rules had not yet been adopted. The defendant in Blondin was arrested and charged with murder. Prior to trial, the defendant moved to suppress statements made to police officers on the ground that police violated his constitutional right against self-incrimination. The court denied the motion, concluding that the statements were given voluntarily. At the defendant's request, the trial court passed the case to the Supreme Court for review prior to trial. This Court recounted the general rule "that an appeal should not be permitted in criminal causes until a final verdict." Blondin, 128 Vt. at 615, 270 A.2d at 166; see 13 V.S.A. § 7401 (providing that defendant in criminal action "may appeal to the Supreme Court as of right all questions of law involved in any judgment of conviction"). The Court acknowledged that 12 V.S.A. § 2386 granted "discretionary authority" to permit an appeal before final judgment for determining questions of law, but held that issues concerning "the admission or exclusion of evidence are neither suitable nor amenable to interlocutory appeals." Blondin, 128 Vt. at 615, 270 A.2d at 166. The Court explained that the denial of a pretrial motion to suppress evidence does not preclude reconsideration of the issue at trial and therefore "any answer we might venture to the questions presented would be inconclusive and merely advisory." Id. at 617-18, 270 A.2d at 167. The Court therefore concluded that the issue would not be dispositive or necessarily alleviate the need for a trial and denied the request for interlocutory review. Id. at 618, 270 A.2d at 167.

6

¶ 15.    After <u>Blondin</u>, the Legislature amended § 2386 into separate subdivisions relating to civil and criminal cases.  Subdivision (a) regarding civil actions provided that appeals before final judgment for questions of law "may be taken in such manner and under such conditions as the supreme court may by rule provide."  1971, No. 185, § 57.  Subdivision (b) maintained the existing language of the statute, providing that the trial court in its discretion and before final judgment

> may permit an appeal to be taken by the respondent or the state in a criminal cause to the supreme court for determination of questions of law.  The supreme court shall hear and determine the questions and render final judgment thereon or remand the proceedings as justice and the state of the cause may require.

<u>Id</u>.  With minor amendments, the current language of the statute remains basically the same.[1]

¶ 16.    In January 1971, Vermont Rule of Appellate Procedure 5 was promulgated and shortly thereafter amended in 1973.  Under the amended 1973 language, a defendant in a criminal matter could move for interlocutory review of an order if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [upon a showing] that an immediate appeal may materially advance the termination of the litigation."

¶ 17.    Following the statutory amendment and the promulgation of Appellate Rule 5, this Court was faced with the question of how those changes affected the availability of interlocutory review to defendants in criminal cases.  In <u>State v. Elwell</u>, 131 Vt. 245, 303 A.2d 134 (1973), the defendant was charged with disorderly conduct and moved to dismiss, arguing that the statute was constitutionally vague and overbroad.  The trial court denied the motion to dismiss and certified

---

[1] The statute currently states:

> (b) In its discretion and before final judgment, a Superior Court may permit an appeal to be taken by the respondent or the State in a criminal cause to the Supreme Court for determination of questions of law.  The Supreme Court shall hear and determine the questions and render final judgment thereon or remand the proceedings as justice and the state of the cause may require.

12 V.S.A. § 2386.

7

the question for appeal. This Court recognized that under § 2386 it had "discretion to permit an appeal before judgment on the determination of questions of law." Id. at 247, 303 A.2d at 135. The Court concluded, however, that the question for review—the statute's constitutionality—depended on the exact facts of the situation. Therefore, the Court deemed that it was not an issue appropriate for interlocutory review and dismissed the appeal as improvidently granted. Id. at 248, 303 A.2d at 136.

¶ 18. Two consolidated criminal cases again presented issues involving interlocutory review by criminal defendants. In State v. Karcz, 134 Vt. 187, 188, 352 A.2d 687, 688 (1976) (per curiam), the trial court denied the defendants' motions to suppress evidence obtained as part of an allegedly unlawful search and then passed the questions to the Supreme Court by agreement under Appellate Rule 5(a). In response, this Court reaffirmed the Blondin holding that "the general principle that questions addressed to the admission or exclusion of evidence are neither suitable nor amenable to interlocutory appeal." Id. at 188, 352 A.2d at 688. This Court also, however, acknowledged that Blondin had been modified by the adoption of Appellate Rule 5, under which interlocutory review was available in criminal cases under certain conditions. Id. This Court concluded that nonetheless the issue presented for interlocutory review—denial of a suppression motion—was not appropriate for review under Appellate Rule 5 because disposition "would not necessarily result in one alternative in final judgment for defendants." Id. at 188, 352 A.2d at 688-89. The Court noted that even if the evidence was excluded the case could proceed on new evidence. Id. at 188, 352 A.2d at 689.

¶ 19. Since that time, three main themes have been consistent in this Court's decisions regarding interlocutory appeals by defendants in criminal cases. First, review of denials of motions to suppress in criminal cases are interlocutory and not reviewed as of right until after final judgment. State v. Wetherbee, 2004 VT 101, ¶ 9, 177 Vt. 274, 866 A.2d 527 (explaining that "rulings denying suppression of evidence are unreviewable as of right except as part of an appeal from a conviction"). Second, denials of motions to suppress usually do not meet the criteria in

8

Appellate Rule 5.  Id.  Third, this Court has the authority to dismiss interlocutory appeals, even when certified by the trial court.[2]  State v. Pelican, 154 Vt. 496, 501, 580 A.2d 942, 946 (1990) ("Upon our own motion, this Court may review the trial court's decision to grant permission for an interlocutory appeal, and if we find that any of these three elements have not been met, we may dismiss the appeal.").

¶ 20.  With these three principles in mind, we turn to the establishment of conditional guilty pleas.

### III.  Conditional Guilty Pleas

¶ 21.  In 1989, Rule 11 of the Vermont Rules of Criminal Procedure was amended to authorize conditional guilty pleas.  See V.R.Cr.P. 11(a)(2).  The Reporter's Notes to that amendment are brief and refer to the 1983 amendment to the federal rules that authorized conditional guilty pleas. Reporter's Notes—1989 Amendment, V.R.Cr.P. 11.  The Federal Advisory Committee Notes to the 1983 Amendments of Federal Rule of Criminal Procedure 11(a) explain that conditional guilty pleas were adopted because courts rarely permitted interlocutory review of many pretrial rulings (including denials of motions to suppress evidence).  Before the conditional guilty plea, a defendant who lost a pretrial motion and did not qualify for interlocutory appeal had to either go through trial and appeal after final judgment or plead guilty and lose an opportunity for appellate review of the pretrial ruling.  With the advent of the conditional guilty plea, a defendant who lost one or more pretrial motions could avoid the waste of going through a trial while still preserving the opportunity for review of the pretrial motion decisions.  The Notes explain that the conditional guilty plea served "to conserve prosecutorial and judicial resources and advance speedy trial objectives."  In other words, the conditional guilty plea was designed to allow defendants who were not eligible to appeal through interlocutory means to get appellate review of pretrial motions without having to go through an entire trial.

---

[2] For further discussion of this issue, see infra, ¶¶ 31-34.

¶ 22. Following adoption of Criminal Rule 11(a)(2), this Court continued to both grant and deny interlocutory appeals filed by defendants in criminal actions without reference to the availability of a conditional guilty plea.[3]

## IV. Lyford

¶ 23. In Lyford, the defendant moved to suppress evidence in a criminal prosecution and to dismiss the case based on an allegedly illegal canine search. The trial court granted defendant's motion for permission to appeal and the matter was transferred to this Court. V.R.A.P. 5(b). On its own motion and without briefing, this Court dismissed the appeal as improvidently granted, holding that interlocutory appeals of denials of motions to suppress in criminal cases would not be accepted "unless a conditional plea is not available or practicable under the circumstances and the criteria in Rule 5(b) have been met." Lyford, 2016 VT 118, ¶ 2. This holding effectively required defendants to enter a conditional guilty plea even when interlocutory review was available under the Appellate Rule 5 factors.

¶ 24. Defendants now ask us to reconsider the framework established in Lyford. Upon consideration, we overrule Lyford to the extent that it holds that a defendant is precluded from seeking interlocutory appeal through Appellate Rule 5 if a conditional guilty plea is available. This Court does not "lightly overturn recent precedent," O'Connor v. City of Rutland, 172 Vt. 570, 570, 772 A.2d 551, 552 (2001) (mem.), but at the same time we are not "slavish adherents" to prior decisions, id. (quotation omitted). Here, several considerations support our determination to overrule Lyford.

¶ 25. First, Lyford was dismissed as improvidently granted on the Court's own motion without the benefit of briefing and argument from both sides. Thus, the Court lacked the advantage of advocacy from the parties in reaching its decision.

---

[3] For an example of an interlocutory appeal by a criminal defendant accepted by this Court, see State v. Thayer, 2010 VT 78, ¶ 1, 188 Vt. 482, 14 A.3d 231 (accepting interlocutory review of trial court's denial of necessity instruction). For examples of cases where interlocutory appeals by criminal defendants were denied, see infra, n.6.

¶ 26. Second, the <u>Lyford</u> decision does not fully explain its holding. <u>Lyford</u> relies on <u>Blondin</u>, but, as described above, <u>Blondin</u> addressed neither the scope of Appellate Rule 5 (which was not adopted at the time) nor the import of the conditional guilty plea (which did not exist when <u>Blondin</u> was decided). <u>Lyford</u> does not consider the policy or legal implications of its holding or discuss why the outcome is superior to other options. Given the incomplete reasoning for the decision, we feel less compelled to adhere to it.

¶ 27. Third, <u>Lyford</u> is at odds with Appellate Rule 5(b)(2). The Appellate Rule provides that defendants can seek interlocutory appeal if necessary findings are made. <u>Lyford</u> precludes defendants, even those who meet the Appellate Rule 5(b) factors, from interlocutory review unless they can also show that "a conditional [guilty] plea is not available or practicable." 2016 VT 118, ¶ 2. This Court has authority to construe its own rules,[4] but <u>Lyford</u> provided no reasoning or analysis as to why diverging from the Appellate Rule was necessary or appropriate.

¶ 28. For all the above reasons, we grant defendants' motions to reconsider the dismissal of their interlocutory appeals on the ground that they failed to demonstrate that a conditional guilty plea was not available or practicable.[5]

## V. Motions for Interlocutory Appeal

¶ 29. We turn to the question of whether the issues presented by defendants meet the requirements of Appellate Rule 5.

¶ 30. In their reply brief, defendants argue that appellate review is required in their cases because the trial court granted permission to appeal. Defendants contend that when the superior court permits an appeal, the statute compels this Court to accept an interlocutory appeal: "The

---

[4] Because we overrule <u>Lyford</u>, we need not reach defendants' arguments that this Court lacked authority to amend a process in a rule without official rulemaking. We defer to the Advisory Committee on the Vermont Rules of Criminal Procedure to consider the relationship between conditional pleas pursuant to Criminal Rule 11(a)(2) and interlocutory review under Appellate Rule 5 and make recommendations as to whether either rule should be amended.

[5] Because we overrule <u>Lyford</u> on these grounds, we do not reach defendants' constitutional arguments.

Supreme Court <u>shall</u> hear and determine the questions and render final judgment thereon or remand the proceedings as justice and the state of the cause may require."  12 V.S.A. § 2386(b) (emphasis added).  We reject this argument and hold that the statute does not require this Court to decide interlocutory appeals.

¶ 31.  First, Appellate Rule 5 has, since its 1973 amendment, contained a subdivision allowing an appeal to be dismissed as improvidently granted on an appellee's motion or at the Supreme Court's own motion, even when permission was granted by the trial court.  The Reporter's Notes explain that the provision made "express the Supreme Court's inherent power to dismiss an interlocutory appeal on motion of the appellee or its own motion if allowance was an abuse of the trial court's discretion."  Reporter's Notes—1973 Amendment, V.R.A.P. 5.  The Notes describe that this process avoids "inappropriate uses of the procedure that might lead to piecemeal litigation or the presentation of questions not ripe for review."  Reporter's Notes—1973 Amendment, V.R.A.P. 5.  At no time since then has the Legislature objected to this rule or sought to amend it.  See 12 V.S.A. § 1 (providing that Supreme Court has authority to prescribe rules, that Legislative Committee on Judicial Rules can object to rules, and that General Assembly "may repeal, revise, or modify any rule or amendment thereto").

¶ 32.  Further, this Court has specifically addressed the issue in prior cases and concluded that it has authority to dismiss interlocutory appeals as improvidently granted at any time.  <u>Pelican</u>, 154 Vt. at 501, 580 A.2d at 946 ("Upon our own motion, this Court may review the trial court's decision to grant permission for an interlocutory appeal, and if we find that any of these three elements have not been met, we may dismiss the appeal.").  In fact, since then, this Court has dismissed many appeals by defendants in criminal cases even where permission was granted by the trial court.[6]

---

[6] See, e.g., <u>State v. King</u>, No. 2014-106 (Vt. April 14, 2014); <u>State v. Reynolds</u>, No. 2015-179 (Vt. June 9, 2015); <u>State v. Mears</u>, No. 2016-110 (Vt. April 8, 2016); <u>State v. Ware</u>, No. 2016-119 (Vt. Apr. 27, 2016); <u>State v. Filgate</u>, No. 2017-328 (Vt. Sept. 21, 2017); <u>State v. Cornelius</u>, No. 2018-242 (Vt. Aug. 15, 2018).

¶ 33.    Finally, this is consistent with our holding that the trial court has discretion in granting or denying interlocutory appeal, and this Court reviews for an abuse of that discretion. Cf. State v. McCann, 149 Vt. 147, 151, 541 A.2d 75, 77 (1987) (holding that Supreme Court could grant interlocutory appeal even if denied by trial court but review was for abuse of discretion and Court would "not reverse simply because we would have reached a different conclusion had we been the trial court"). Therefore, regardless of whether the trial court has determined that a case is appropriate for interlocutory appeal, this Court retains authority to dismiss an appeal if the trial court abused its discretion in allowing it.

¶ 34.    An interlocutory appeal is appropriate where the order is a "controlling question of law about which there exists substantial ground for difference of opinion" and "an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1)(A), (B).

¶ 35.    Here, defendants moved for interlocutory appeal of the denial of their motion to suppress and dismiss. In those motions, defendants asserted that the initial detention was unlawful, and that the investigating officer unlawfully expanded the duration of the stop in violation of the Fourth Amendment and Article 11 of the Vermont Constitution by proceeding with questions about criminal behavior and by deploying a drug-sniffing dog. Defendants asserted that the matter involved a controlling question of law and that an immediate appeal could advance termination of the litigation because if the evidence was suppressed, the State would lack sufficient evidence to proceed with the prosecution. The trial court granted the motion for interlocutory appeal but did not "state the grounds on which the appeal" was permitted. V.R.A.P. 5(b)(5)(B). We review the trial court's decision to grant interlocutory appeal for an abuse of discretion. Supra, ¶ 33.

¶ 36.    Here, we do not have an explanation of the reasons that the trial court exercised its discretion. The court did not identify which issues raised by defendants "were controlling questions of law about which there exists substantial ground for difference of opinion." V.R.A.P. 5(b)(1)(A). Moreover, the court did not find that an immediate appeal would "materially advance the termination of the litigation." V.R.A.P. 5(b)(1)(B). Although the court has discretion to allow

13

an interlocutory appeal, it must provide at least some basis for this Court to determine how that discretion was exercised. See State v. Passino, 154 Vt. 377, 379, 577 A.2d 281, 283 (1990) (remanding to trial court where there was "no indication how the court exercised [its] discretion"). Therefore, we dismiss the appeals to allow the trial court to issue a new decision providing the grounds for its decision on the motion for interlocutory appeal.

Upon reconsideration, the interlocutory appeals are dismissed without prejudice to defendants refiling after the trial court issues a decision.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice